UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-20684

JOHN and JANE DOE, as parents and
legal guardians of J.C.,

    Plaintiffs,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## SEXUAL ASSAULT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs sue Defendant and allege:

### PRELIMINARY ALLEGATIONS

1. Plaintiffs, JOHN and JANE DOE, as parents and legal guardians of J.C., are citizens of the Commonwealth of Virginia.

2. Plaintiffs respectfully request to proceed under the pseudonyms "JOHN DOE," "JANE DOE," and their son's initials because the allegations in the Complaint occurred when J.C. was a minor. Due to the sexual nature of this matter, and the age of the victim, the Plaintiffs request privacy and confidentiality. Defendant has been aware of the identity of the Plaintiffs.

3. This lawsuit arises out of the sexual assault and rape of the DOEs' then 17-year-old son J.C. (the "Minor") while he was a passenger aboard CARNIVAL's cruise ship, the *Carnival Horizon* (the "Vessel"), by a CARNIVAL crewmember/employee.

4. Defendant, CARNIVAL CORPORATION ("CARNIVAL"), is a foreign corporation with its principal place of business in Miami, Florida.

5. This matter falls under the Court's diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. Defendant CARNIVAL, at all material times, personally or through an agent:

    a. Operated, conducted, engaged in, and carried on a business venture in this state and county and had an office or agency in this state and county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the navigable waters of this state; and

    d. Committed one or more of the acts stated in Fla. Stat. §§ 48.081, 48.181 or 48.193.

7. The acts of CARNIVAL set out in this Complaint occurred in whole or in part in this county and state.

8. Defendant CARNIVAL is subject to the jurisdiction of the courts of this state.

9. The cruise ticket for the Plaintiffs requires that suit be brought in this Court.

10. Plaintiffs have complied with all conditions precedent to the filing of this lawsuit.

11. At all material times, Defendant owned, operated, managed, maintained, and controlled the Vessel.

12. CARNIVAL, as a common carrier, was engaged in the business of providing to the public, and to the Plaintiffs in particular, for compensation, vacation cruises aboard the Vessel.

13. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States because they involve a crewmember/employee's sexual assault and battery of a passenger aboard a cruise ship in maritime commerce. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004).

## FACTS COMMON TO ALL COUNTS

14. From on or about August 7, 2021 through August 15, 2021, JOHN and JANE DOE along with the Minor were paying passengers on CARNIVAL's Vessel on navigable waters, during an eight-night cruise.

15. At all material times, CARNIVAL touted "The safety and security of our guests is our top priority." [1]

16. CARNIVAL's website boasts onboard activities including Club O2 for teens while also touting a *Readers' Choice Awards* 2017 achievement alleging "BEST CRUISE LINE FOR TEENS" [2] with an age range of 15 to 17 years:



---

[1] https://www.carnival.com/legal/safety-security.aspx?icid=CC_Footer_109

[2] https://www.carnival.com/onboard/club-o2?cid=icp_onboard_awg_01022018_chkaff

17. On its website and marketing materials available at https://www.carnival.com/awaywego/cruising-fun/what-to-expect/reasons-why-your-teen-will-love-going-on-a-cruise, CARNIVAL expressly induces parents like JOHN and JANE DOE to give teenagers freedom to explore the cruise ship unsupervised under the guise of "safe" independence – to wit:

- "This means that teens can take advantage of tons of activities onboard and *have their own sense of (safe) independence* while they do it."

- Under the heading "A Chance to Stay Up Late", Carnival tells parents that:
"The rules of home life can feel like a routine for teens. Let them get out of their routine and kick back on a cruise by allowing them to stay up late. *Having their own room and the ability to set their own hours* while they travel to The Bahamas (or wherever their cruise may take them), will *help instill in them a sense of independence*."

- Under the heading "The Freedom to Explore", Carnival tells parents that:
"Teenagers are just finally reaching the age where they *value independence and are ready to spend time discovering things on their own*. For this reason, they'll love a cruise ship, since they can wander and find activities that interest them — or just find different places to take in beautiful sights."

- Under the heading "They Can Check Out a Club for Teens," Carnival tells teens and parents:

  "On Carnival cruise ships, you can find Club O2 or Circle C – clubs that *are meant only for teens* (and split up by ages). At the club, they can dance the night away, watch movies, listen to pop music, play sports and video games, sing karaoke and meet people their own age. *As parents, you won't have to be worried about your kids since these are safe, fun, and friendly environments*."

- Under the heading "An Opportunity to Improve their Gaming Skills", Carnival tells parents that:

  "Is your kid more of a video game aficionado than an athlete? Fear not — there's something onboard for him or her, too. Your teen will love scoring some tokens from the vending machine and taking advantage of *the video arcade, which is open 24 hours a day*."

- Under the heading "Pizza Delivery!", Carnival tells parents that:

  "Most teenagers want the ability to order their own pizza at their own whim — and they can do just that on board. Cruise ships offer room service 24 hours per day (including pizza delivery!), so they can simply make a call and enjoy a slice whenever they feel like it."

- Under the heading "There Are Awesome Sights to See", Carnival tells parents that:

    "Cruising is a great time for families to bond — but a cruise to The Bahamas, Mexico, Hawaii or the Caribbean is also an excellent chance for a teen to grow and have fun. *Cruises give teens a sense of independence* and expose them to new cultures, people and foods, and they're also packed with entertainment that will keep teens engaged and having fun. When you're considering booking travel this year with your older kids, think about arranging a cruise. Your teens will thank you, and you will also have the time of your life."

18. At all material times, JOHN and JANE DOE detrimentally relied on CARNIVAL's stated commitment to the safety and security of cruise ship guests and teenagers to "wander" and "stay up late" while on the Vessel.

19. Accordingly, JOHN and JANE DOE booked a family cruise for themselves and their 17-year-old son aboard the Vessel.

20. During the subject cruise, while traveling as a cruise ship passenger aboard the Vessel, the Minor was sexually assaulted and raped by a CARNIVAL male crewmember/employee whose name is unknown due to CARNIVAL's lack of response to inquiries made.

21. On or about the evening of August 14, 2021, the Minor went to the teen lounge on the Vessel, believed to be Club O2, to play games.

22. Later that evening, the Minor went to an eatery and other public areas aboard the Vessel where teenagers are encouraged and urged to wander and develop a sense of (safe) independence.

23. He was approached by a male CARNIVAL crewmember/employee who engaged in conversation with the Minor and engaged in the frequently employed predatory tactic of appearing to befriend the Minor; this is an often-employed tactic of sexual predators attempting to "groom" their victims, in particular minors.

24. The male CARNIVAL crewmember/employee enticed the Minor to come back to a cabin where the male CARNIVAL crewmember/employee sexually assaulted and raped the Minor.

25. This Complaint is being filed based upon available information. The Minor is presently undergoing medical care, including psychological treatment for severe emotional trauma.

26. The conduct of CARNIVAL's crewmember/employee was unlawful under the common law and in violation of criminal statutes, including but not limited to 18 U.S.C. § 2242 – Sexual Abuse.

27. The Minor did not consent to the sexual acts committed by the CARNIVAL crewmember/employee. Moreover, at age 17, he was incapable of giving effective consent. Clearly, the CARNIVAL crewmember/employee committed sexual assault, sexual battery, and sexual abuse on the Minor as a matter of law.

28. Instances of rape and sexual assault occur aboard cruise ships at an alarming rate. *See K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1049 (11th Cir. 2019) (citing *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1208 n.4 (11th Cir. 2011) ("Unfortunately, if congressional reports are to be believed, sexual assaults and other violent crimes on cruise ships are a serious problem.").

29. According to the U.S. Department of Transportation's Cruise Line Incident Report, sexual assault incidents were the most frequently reported criminal activity to the Federal Bureau of Investigation for the first quarter of 2020, before cruise lines stopped sailing due to the coronavirus pandemic. This criminal activity was known, or should have been known, to CARNIVAL.

| | Homicide | | | | Death (suspicious) | | | | Missing U.S. National | | | | Kidnapping | | | | Assault with serious bodily injury | | | | Firing or tampering with vessel | | | | Theft >$10,000 | | | | Sexual assault | | | | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Committed by: | Passenger | Crew | Other | Total | Passenger | Crew | Other | Total | Passenger | Crew | Other | Total | Passenger | Crew | Other | Total | Passenger | Crew | Other | Total | Passenger | Crew | Other | Total | Passenger | Crew | Other | Total | Passenger | Crew | Other | Total | |
| Bahamas Paradise Cruise Line | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Carnival Cruise Lines | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 9 | 1 | 0 | 10 | 10 |
| Crystal Cruise Line | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Celebrity Cruise Lines | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 0 | 2 | 2 |
| Disney Cruise Line | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Holland America Cruise Lines | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| MSC Cruises | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Norwegian Cruise Lines | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 3 | 1 | 0 | 4 | 4 |
| Oceania Cruise Line | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Princess Cruises | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Royal Caribbean | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 0 | 2 | 2 |
| Seabourn | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 14 | 4 | 0 | 18 | 18 |

**CRUISE VESSEL SECURITY AND SAFETY ACT (CVSSA) STATISTICAL COMPILATION**
January 1, 2020 - March 31, 2020
ALLEGED CRIMINAL ACTIVITY OCCURRING ON BOARD CRUISE VESSELS[1]

[1] Pursuant to Title 46 U.S.C section 3507(g)(4)(A):
The Cruise Vessel Security and Safety Act (CVSSA) prescribes security and safety requirements for most cruise ships that embark and disembark in the United States. The Act (as amended in 2014) mandates reporting to the Federal Bureau of Investigation (FBI) of missing persons and certain alleged criminal activity occurring on board applicable cruise vessels. This quarterly report provides a numerical accounting of all incidents of missing persons and alleged crimes reported under the relevant provisions of the CVSSA without regard to the investigative status of the incident.

Available at https://www.transportation.gov/sites/dot.gov/files/2020-07/Updated_CVSSA_Reports_Q1_.2020.pdf.

30. CARNIVAL reported 10 sexual assault incidents during that three-month time period — nine (9) of which involved a passenger as the victim—more than any other cruise line.

31. Yet, Defendant CARNIVAL fails to take adequate steps, or provide adequate security, training, and/or supervision, to prevent rape and sexual assault, and fails to warn its passengers of the growing epidemic of rape and sexual assault on cruise ships.

32. CARNIVAL's motive for failing to warn its passengers is financial in nature; it deliberately chooses not to warn its passengers about rape and sexual assault aboard its ships so as not to scare away prospective passengers; it goes farther than not warning by putting out information on its website(s) about how safe its cruises are for minors, *supra*.

33. CARNIVAL does not take reasonable measures to keep minors safe from crewmember/employee sexual offenses. CARNIVAL lures parents into a false sense of safety to let their teenagers explore the cruise ship on their own. However, CARNIVAL allows its crewmember/employees unregulated access to unaccompanied teenagers, yet many of those same crewmember/employees have not been properly vetted, screened, trained, or monitored.

34. CARNIVAL knows, from years of hiring crewmember/employees from many foreign developing countries, that background screening and investigation into prospective hires are inadequate and/or unreliable due to poor infrastructure in their home countries.

35. CARNIVAL does little or nothing to train its crewmember/employees or monitor their activities on board; such failures allow and/or promote improper conduct by the crewmember/employees toward passengers, including sexual assault and rape.

36. CARNIVAL knows and has documentation of other crewmember/employees in the past committing statutory rape, rape, sexual battery, sexual assault, and sexual molestation aboard the ships in its fleet, specifically against minors like Plaintiffs' 17-year-old son J.C.

37. Despite its representations about family-friendly accommodations and teen activities and despite the lack of proper screening and training and control of its crewmember/employees, CARNIVAL fails to monitor its crewmember/employees' whereabouts, and/or implement proper security procedures to provide a safe environment to the very teenagers it claims to protect.

**COUNT I - STRICT VICARIOUS LIABILITY FOR SEXUAL ASSAULT AND RAPE**

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 37.

38. A cruise ship is considered a common carrier under the general maritime law. *See Shultz v. Florida Keys Dive Center*, 224 F.3d 1269, 1273 (11th Cir. 2000) (describing cruise ships as common carriers); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984).

39. Under the general maritime law, a cruise line is strictly liable for crewmember assaults on passengers during the cruise. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 913 (11th Cir. 2004) ("[W]e conclude that the defendants owe a non-delegable duty to protect their passengers from crew member assaults and thereby safely transport their cruise passengers.")

40. As a common carrier, CARNIVAL's duty to provide safe transportation to passengers includes protection from sexual assault and rape by crewmember/employees.

41. On or about the above-mentioned date, the Minor did not consent to the sexual acts committed by the CARNIVAL crewmember/employee. Moreover, at age 17, he was legally incapable of giving effective consent.

42. CARNIVAL is strictly liable for any and all crewmember/employee sexual assaults, sexual batteries, and rapes of passengers during their cruise.

43. The crewmember/employee's intentional acts of sexual assault and rape of the Minor were wanton, willful, outrageous, and in reckless disregard for the safety and rights of the Minor.

44. As a proximate result of the sexual assault and rape, the Minor suffered bodily injury, physical and mental pain and suffering, mental anguish, emotional distress, embarrassment, shame, psychological trauma, psychological scarring, humiliation, the loss of the capacity for the enjoyment of life, frustration, loss of future earning capacity, the cost of medical and counseling care and treatment incurred and to be incurred in the future, and/or aggravation of preexisting conditions. These injuries are permanent and continuing in nature, and he will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs JOHN DOE and JANE DOE, as Parents and Legal Guardians of J.C., demand judgment against Defendant CARNIVAL for compensatory and consequential damages, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just, equitable, and/or proper. Plaintiffs further demand trial by jury of all issues so triable.

**COUNT II – NEGLIGENT TRAINING AND SUPERVISION OF CREWMEMBERS**

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 37.

45. At all material times, crewmember/employees aboard the Vessel were under the direction, supervision, and control of CARNIVAL as its (actual or apparent) agents, representatives, servants, and/or employees.

46. The doctrine of *respondeat superior* applies to hold a carrier responsible for the defaults of its crew. As a common carrier, CARNIVAL further has a non-delegable responsibility for sexual assaults and/or rapes by crewmember/employees on its passengers.

47. For over a decade prior to the incident complained of in this lawsuit, CARNIVAL knew, or in the exercise of reasonable care should have known, that aboard its ships, there have been numerous sexual assaults perpetrated by its crewmember/employees on cruise passengers, and that sexual assaults were reasonably likely to continue to be perpetrated on passengers unless CARNIVAL took steps to provide proper security.

48. At all material times, CARNIVAL operated the Vessel and was responsible for vetting, hiring, screening, instructing, educating, training, and/or supervising its crewmember/employees.

49. The sexual assault and rape of the Minor were reasonably foreseeable, and Defendant CARNIVAL was in a superior position to appreciate such hazards as well as take necessary steps to prevent such harm.

50. CARNIVAL had a duty to take reasonable measures to train and supervise crewmember/employees to ensure they do not commit crimes on board, particularly sexual assault and rape upon teenagers.

51. CARNIVAL lacks effective remedial protocols to respond to and prevent sexual assault and rape on its cruises.

52. Defendant CARNIVAL breached its duty owed to the Minor by negligently:

   a. failing to supervise and monitor the activities and whereabouts of its crewmember/employees aboard the Vessel;
   b. failing to reasonably and properly control the activities and whereabouts of its crewmember/employees;
   c. failing to reasonably and properly enforce rules, regulations, policies and procedures for its crewmember/employees who fraternize with passengers;
   d. failing to reasonably and properly train its crewmember/employees to prevent fraternization and sexual assaults;
   e. failing to promulgate, monitor and enforce rules or policies prohibiting crewmember/employees from having contact and interaction, including sexual relations, with passengers;
   f. failing to promulgate, monitor and enforce rules or policies prohibiting crewmember/employees from having contact and interaction, including sexual relations, with minors;
   g. failing to properly vet, hire, screen, instruct, educate, train, supervise, and/or monitor its crewmember/employees on a regular basis to identify sexual predators and/or pedophiles on board;
   h. failing to protect against the circumventing of criminal laws and procedures by its crewmember/employees;
   i. failing to supervise its crewmember/employees and cruise activities catered to unaccompanied teenagers in a manner that would prevent sexual assault and rape by a CARNIVAL crewmember/employee; and
   j. not acting in a reasonably prudent manner as revealed through discovery.

53. CARNIVAL was aware, or should have been aware, through proper supervision and care, of the risk of its crewmember/employees to engage in unlawful and inappropriate relationships with cruise passengers.

54.     CARNIVAL was obligated to take reasonable measures to train and supervise its crewmember/employees, (actual or apparent) agents, representatives, servants, and/or employees to ensure that they were not using their status with CARNIVAL to commit unlawful and reprehensible crimes, particular against teenagers.

55.     As a direct and proximate result of CARNIVAL's negligence, the Minor was caused to be sexually assaulted and raped by a CARNIVAL crewmember/employee and caused to suffer bodily injury, physical and mental pain and suffering, mental anguish, emotional distress, embarrassment, shame, psychological trauma, psychological scarring, humiliation, the loss of the capacity for the enjoyment of life, frustration, loss of future earning capacity, the cost of medical and counseling care and treatment incurred and to be incurred in the future, and/or aggravation of preexisting conditions.  These injuries are permanent and continuing in nature, and he will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs JOHN DOE and JANE DOE, as Parents and Legal Guardians of J.C., demand judgment against Defendant CARNIVAL for compensatory and consequential damages, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just, equitable, and/or proper.  Plaintiffs further demand trial by jury of all issues so triable.

**COUNT III – NEGLIGENT SECURITY**

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 37.

56.     CARNIVAL had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent

harm to its passengers, including the Minor, resulting from foreseeable, preventable sexual assault and rape by its crewmember/employees.

57. CARNIVAL actively markets to families with teenagers, *supra*, and represents to the public that its cruise ships are appropriate for families – so much so that it boasts about receiving an award in 2017 concerning teen passengers. CARNIVAL promotes facilities and functions for teenagers only — without parental supervision while minors can "wander" and "stay up late" — and reassures parents that the cruise ship is safe for their children.

58. The sexual assault and rape of the Minor was reasonably foreseeable, and Defendant CARNIVAL was in a superior position to appreciate such hazards and take necessary steps to prevent the harm.

59. Defendant CARNIVAL breached its duty of care under the circumstances by:

   a. failing to provide adequate security for its passengers, including the Minor;
   b. failing to have reasonable and proper methods of preventing sexual assaults on board the Vessel;
   c. failing to implement reasonable and adequate safety and security policies, measures, protocols, and/or procedures necessary to protect and keep safe the passengers, especially unaccompanied teenagers, on the Vessel;
   d. failing to hire experienced security personnel;
   e. failing to provide an adequate number of supervisory personnel aboard the Vessel;
   f. failing to perform adequate security checks of the Vessel;
   g. failing to prevent crewmembers from taking passengers, especially teenagers, to areas hidden from supervision; and
   h. failing to equip the Vessel with video and security monitoring of areas where passengers have been and will be sexually assaulted or raped.

60. As a direct and proximate result of CARNIVAL's negligence, the Minor was caused to be sexually assaulted and raped by a CARNIVAL crewmember/employee and caused to suffer bodily

injury, physical and mental pain and suffering, mental anguish, emotional distress, embarrassment, shame, psychological trauma, psychological scarring, humiliation, the loss of the capacity for the enjoyment of life, frustration, loss of future earning capacity, the cost of medical and counseling care and treatment incurred and to be incurred in the future, and/or aggravation of preexisting conditions.  These injuries are permanent and continuing in nature, and he will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs JOHN DOE and JANE DOE, as Parents and Legal Guardians of J.C., demand judgment against Defendant CARNIVAL for compensatory and consequential damages, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just, equitable, and/or proper.  Plaintiffs further demand trial by jury of all issues so triable.

### COUNT IV – NEGLIGENT FAILURE TO WARN

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 37.

61. At all material times, it was the duty of Defendant CARNIVAL to provide the Minor with reasonable care under the circumstances while he was a passenger aboard the Vessel.

62. The duty to warn is part and parcel of the duty of ordinary care. *See, e.g.*, *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1322 (S.D. Fla. 2011) (cruise shipowner's duty of ordinary reasonable care under the circumstances "includes a duty to warn passengers of dangers the cruise line knows or reasonably should have known").

63. The sexual assault and rape of the Minor was reasonably foreseeable, and Defendant CARNIVAL was in a superior position to appreciate such hazards and take necessary steps to warn of the harm.

64. CARNIVAL had a duty to meet the material representations made to induce the public, including the Plaintiffs, to choose CARNIVAL for their family cruise vacation.

65. CARNIVAL breached its duty to provide the Minor with reasonable care under the circumstances by:

   a. failing to adequately warn passengers of the dangers of sexual assaults aboard Defendant's ships;
   b. failing to sufficiently warn that there were sexual predators among the crewmember/employees on board the Vessel;
   c. failing to sufficiently warn that crewmember/employees on board were hired from developing countries where reasonable and sufficient background checks were not available due to the lack of centralized record-keeping;
   d. failing to warn of teenagers being subject to crewmember/employees fraternizing with them while parents are told their teenagers can "wander" and "stay up late" without concern while on the Vessel;
   e. failing to warn of insufficient protocols to monitor crewmember/employees while teenagers are left to "wander" and "stay up late" on the Vessel; and
   f. failing to sufficiently warn that shipboard security personnel were not adequate to prevent or sufficiently deter crewmember/employees from sexually assaulting passengers.

66. At all material times, CARNIVAL knew of the foregoing dangerous conditions and failed to warn Plaintiffs about them, and the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was, or should have been, acquired through Defendant's

supervision and through prior alleged incidents involving passengers who were sexually assaulted and/or raped due to similar incidents aboard Defendant's vessels, as well as other criminal incidents reported within the cruise industry.

67. As a direct and proximate result of CARNIVAL's negligence, the Minor was caused to be sexually assaulted and raped by a CARNIVAL crewmember/employee and caused to suffer bodily injury, physical and mental pain and suffering, mental anguish, emotional distress, embarrassment, shame, psychological trauma, psychological scarring, humiliation, the loss of the capacity for the enjoyment of life, frustration, loss of future earning capacity, the cost of medical and counseling care and treatment incurred and to be incurred in the future, and/or aggravation of preexisting conditions. These injuries are permanent and continuing in nature, and he will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs JOHN DOE and JANE DOE, as Parents and Legal Guardians of J.C., demand judgment against Defendant CARNIVAL for compensatory and consequential damages, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just, equitable, and/or proper. Plaintiffs further demand trial by jury of all issues so triable.

### COUNT V – SEXUAL EXPLOITATION AND OTHER ABUSE OF CHILDREN IN VIOLATION OF 18 U.S.C. §§ 2242, 2255

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 37.

68. The conduct of CARNIVAL's crewmember/employee was unlawful under the common law and in violation of criminal statutes, including but not limited to 18 U.S.C. § 2242 - Sexual abuse.

69. The sexual assault and rape of the Minor occurred aboard the Vessel in navigable waters and within the "special maritime and territorial jurisdiction of the United States" as defined by 18 U.S.C. § 7.

70. The foregoing sexual assault and rape of the Minor were in violation of 18 U.S.C. §2242, which prohibits and provides criminal sanctions for "[w]hoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly—

(1)

causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); or

(2) engages in a sexual act with another person if that other person is—

(A)

incapable of appraising the nature of the conduct; or

(B)

physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act . . . ."

71. Pursuant to 18 U.S.C. § 2255, any person who, while a minor, was a victim as a minor of a violation of 18 U.S.C. §§2242 and suffers personal injury has a private right of action for actual damages not less than $150,000, attorneys' fees and costs. The court may also award punitive damages.

72. 18 U.S.C. § 2255 imposes strict liability upon those meeting its prerequisites. *See, e.g.*, *Doe v. Royal Caribbean Cruises, Ltd.*, 860 F.Supp. 2d 1337, 1343–44 (S.D. Fla. 2012). Therefore, the cruise line owner/operator, as well as the perpetrator, are responsible and liable under 18 U.S.C. § 2255 – Civil Remedy for Personal Injuries.

73. As a direct and proximate result of the foregoing sexual abuse by a CARNIVAL crewmember/employee, the Minor was caused to suffer bodily injury, physical and mental pain

and suffering, mental anguish, emotional distress, embarrassment, shame, psychological trauma, psychological scarring, humiliation, the loss of the capacity for the enjoyment of life, frustration, loss of future earning capacity, the cost of medical and counseling care and treatment incurred and to be incurred in the future, and/or aggravation of preexisting conditions.  These injuries are permanent and continuing in nature, and he will suffer losses and impairments in the future.

**WHEREFORE**, Plaintiffs JOHN DOE and JANE DOE, as Parents and Legal Guardians of J.C., demand judgment against Defendant CARNIVAL for compensatory and consequential damages, damages as provided under 18 U.S.C. §2255, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs, attorneys' fees, and any other relief the Court deems just, equitable, and/or proper.  Plaintiffs further demand trial by jury of all issues so triable.

Dated March 7, 2022

Respectfully Submitted,

| | |
|---|---|
| **NUÑEZ LAW, P.L.**<br>2828 Coral Way, Suite 206<br>Miami, Florida 33145<br>T: (305) 444-4407<br><br>By: _____<br>　　Bobby Nuñez, Esq.<br>　　Fla. Bar No.: 91894<br>　　Eservice@NunezLaw.com | **NOTARI LAW, P.A.**<br>1820 SW 14th Court<br>Fort Lauderdale, Florida 33312<br>T: (954) 257-9028<br>F: (954) 231-1128<br><br>By: /s/ *Adria G. Notari*<br>　　Adria G. Notari, Esq.<br>　　Fla. Bar No.: 87272<br>　　anotari@NotariLaw.com |